# Wheeling.

## Wright Welton *vs.* John T. Peerce, *et al.*

### July Term, 1872.

The bill seeks to enjoin the sale of a trust subject, which trust was given to in-demnify endorsers on a note, because, it alleges, the endorsers paid the note in confederate money, worth only fifteen or twenty cents on the dollar, and asks that an account be taken to ascertain the actual amount or cash value of the confederate money thus paid. But the record discloses that the note was paid by the endorsers before the rebellion, and before confederate mon-ey was known, and therefore it was not error to dissolve the injunction, and decree the full amount of money to the endorsers.

Bill of injunction in the Circuit Court of Mineral county, filed October rules, 1867, by Wright Welton, against Angus W. McDonald, trustee, John T. Peerce and Charles Williams.

The facts disclosed by the record are about as follows : That in 1858, Peerce and Williams endorsed a note in the Bank at Moorefield, in Hardy county, for Welton, for the sum of five thousand dollars. That it was renewed from time to time until December, 1859, when it was protested. That suit was brought and judgment obtained by the Bank, against all of the parties in April 1860; that the defendant, Peerce, gave the Bank a draft on the Merchants' Bank in Baltimore, for the amount of the judgment and interest then due on the 7th of June, 1860, due at six months, which he subsequently paid at maturity. At or about the time that Peerce and Williams endorsed for Welton, he executed a trust deed on certain real estate, to indemnify them. The trustees had advertised the trust subject at the time of filing the bill, which was the object of the injunction. The bill claims that, during the war, Peerce had paid off the debt due the Bank, in confederate money, which the Bank received; and that at the date of payment,

438        COURT OF APPEALS OF WEST VIRGINIA.

July Term,                    Welton vs. Peerce, et al.                    1872

the confederate money was only worth fifteen or twenty cents on the dollar, therefore an account was asked to ascertain the actual value of the money paid by Peerce to the Bank, which sum the plaintiff held himself in readiness to pay. But the proofs in the cause disclosed that Peerce had paid the amount of the judgment before the rebellion began, and when confederate money was unknown.

The court below, in August, 1870, decreed the amount of the note and interest to the defendant Peerce, and ordered a sale of the trust subject.

Welton appealed to this court.

*Allison and Reynolds* for appellant.
*Robt. White and C. Boggess* for appellees.

MAXWELL J.  The appellant has wholly failed to show any error to his prejudice in the decree complained of.

The negotiable note of Welton, in which Peerce and Williams were endorsers, was fully paid off by Peerce and Williams on the 7th day of June, 1860, by the satisfaction of the judgment then paid by them.

The money to satisfy the judgment seems to have been borrowed on the draft of Peerce, endorsed by Williams, bearing date June 7th, 1860, and payable six months after date at the Merchants' Bank of Baltimore.

The amount of this draft was paid by Peerce at its maturity, and the right at once accrued to Peerce to recover from Welton the entire amount of the negotiable note on which he was first endorser.

The questions which the appellant attempts to raise in the case do not arise in it.  *Hogan* vs. *Duke*, 20 Gratt., 244; *Michire* vs. *Jeffries*, 21 Grat., 334.

The decree complained of must be affirmed with damages and costs.

The other judges concurred.

DECREE AFFIRMED.